IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
DIVISION

JOYCE BECK,                          )
                                     )
            Plaintiff,               )
                                     )
     v.                              )    No. 3:16-CV-05046-RK
                                     )
                                     )
CAROLYN A. COLVIN,[1]                )
Acting Commissioner of Social Security, )
                                     )
            Defendant.               )

## ORDER

Before the Court is Plaintiff's appeal seeking judicial review of a final decision of the Defendant Commissioner of Social Security ("Commissioner") denying disability insurance benefits. The decision of the Commissioner is AFFIRMED.

### Standard of Review

The Court's review of the Commissioner's decision to deny disability benefits is limited to determining if the decision "complies with the relevant legal requirements and is supported by substantial evidence in the record as a whole." *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010) (quoting *Ford v. Astrue*, 518 F.3d 979, 981 (8th Cir. 2008)); *see also* 42 U.S.C. § 405(g). "Substantial evidence is less than a preponderance of the evidence, but is 'such relevant evidence as a reasonable mind would find adequate to support the [Commissioner's] conclusion.'" *Grable v. Colvin*, 770 F.3d 1196, 1201 (8th Cir. 2014) (quoting *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). In determining whether existing evidence is substantial, the Court takes into account evidence that both supports and detracts from the Administrative Law Judge's ("ALJ") findings. *Cline v. Colvin*, 771 F.3d 1098, 1102 (8th Cir. 2014) (quotation marks omitted). "If the ALJ's decision is supported by substantial evidence, [the Court] may not reverse even if substantial evidence would support the opposite

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, however for consistency purposes, the case style in this legal action remains as originally filed.

outcome or [the Court] would have decided differently." *Smith v. Colvin*, 756 F.3d 621, 625 (8th Cir. 2014) (quoting *Davis*, 239 F.3d at 966). The Court does not re-weigh the evidence presented to the ALJ. *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (citing *Baldwin v. Barnhart*, 349 F.3d 549, 555 (8th Cir. 2003)). The Court should "defer heavily to the findings and conclusions of the [Commissioner]." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010) (citation omitted).

## Discussion

The ALJ determined that, although Plaintiff has medically determinable impairments, the Plaintiff does not suffer from any severe impairments or combination of impairments that are severe. Thus, the ALJ found the Plaintiff was not disabled as defined in the Social Security Act, from June 9, 2012, the amended alleged onset date, through March 31, 2013, the date last insured (20 C.F.R. §404.1520(c)).

On appeal, Plaintiff raises the following issues: (1) whether substantial evidence supports the ALJ's conclusion that Plaintiff's physical impairments were not severe, and (2) whether the ALJ appropriately concluded that Plaintiff's subjective complaints of pain were not fully credible.

First, substantial evidence supports the ALJ's conclusion that Plaintiff's physical impairments were not severe. 20 C.F.R. §404.1521(a)(b)(1)-(6) (An impairment or combination of impairments is severe if the impairment(s) significantly interferes with basic work tasks); *Martise v. Astrue,* 641 F.3d 909, 907 (8th Cir. 2011) (An impairment must result from an anatomical, physiological, or psychological abnormality that can be shown by medical evidence and not solely from Plaintiff's subjective complaints). Here, Plaintiff's main point of contention is that the ALJ did not acknowledge the MRI; however, the ALJ is not required to repeat all evidence from the written record in the decision. *Wildman v. Astrue,* 596 F.3d 959, 966 (8th Cir. 2010). Plaintiff also argues a number of other smaller points, with which the Court also disagrees with and for which the Court affirms the ALJ. Accordingly, there is sufficient evidence in the record to support the ALJ's finding that Plaintiff's impairments were not severe.

Second, substantial evidence supports the ALJ's assessment that Plaintiff's subjective complaints were not fully credible. *See Milam v. Colvin,* 794 F.3d 978, 985 (8th Cir. 2015); *Perkins v. Astrue,* 648 F.3d 892, 899-900 (8th Cir. 2011) (A history of limited and conservative treatment undermines allegations of disabling symptoms); *McDade v. Astrue,* 720 F.3d 994, 998

(8th Cir. 2013) (substantial evidence supports ALJ in finding claimant not disabled where claimant was not restricted in daily activities including: cooking, caring for pets, computer use, and grocery shopping); *Fredrickson v. Barnhart,* 359 F.3d 972, 976 (8th Cir. 2004) (it was proper for an ALJ to consider the Plaintiff's sporadic work history and relatively low earnings as a potential lack of motivation to gain employment). Here, the ALJ appropriately considered Plaintiff's limited and conservative medical treatment, daily activities, and work history with relatively low earnings in making the credibility determination. Accordingly, there is sufficient evidence in the record to support the ALJ's finding that Plaintiff's credibility was lacking. *See Bernard v. Colvin,* 774 F.3d 482, 489 (8th Cir. 2014).

## Conclusion

Having carefully reviewed the record before the Court and the parties' submissions on appeal, the Court concludes that substantial evidence on the record as a whole supports the ALJ's decision.

IT IS THEREFORE, ORDERED that the decision of the Commissioner is **AFFIRMED.**

s/ Roseann A. Ketchmark  
ROSEANN A. KETCHMARK, JUDGE  
UNITED STATES DISTRICT COURT

DATED: September 12, 2017